**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

LETTER-OPINION & ORDER

May 30, 2006

**VIA U.S. MAIL & ELECTRONIC FILING**
Wayne D. Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill; P.O. Box 351
Ellenville, NY 12428
     (Counsel for Plaintiff)

> Re:   **Garden City Boxing Club, Inc. v. Pedro D. Fernandez, et al.**
>       Civil Action No.: 05-3873 (JLL)

Dear Mr. Lonstein:

This matter comes before the Court on Plaintiff's, Garden City Boxing Club, Inc., motion for default judgment against Defendant Pedro Fernandez and Defendant J&M Bar and Liquors (collectively "defaulting Defendants"). Plaintiff also requests that this Court award it statutory damages and award it attorneys' fees and costs. Plaintiff, Garden City Boxing Club, Inc., was the Broadcast Licensee for the November 27, 2004 Barrerra/Morales fight. It is alleged that Defendants unlawfully intercepted and exhibited the Barrera/Morales pay-per-view boxing event on November 27,2004, as attested to by Plaintiff's auditor Jose Torres. On December 8, 2005, default was entered against Defendants for failure to answer or otherwise plead in defense of this action. Thereafter, Plaintiff filed the present motion for default judgment. By Letter-Order dated

March 13, 2006, this Court informed Plaintiff that it could not grant default judgment because the statutory language under which it seeks to impose liability involves inconsistent methods of interception of the broadcast and permits awards of substantially different amounts of statutory damages.  Thus, a hearing was scheduled so Plaintiff could establish the necessary evidentiary foundation on which it seeks judgment.  On April 6, 2006, counsel for Plaintiff wrote to the Court requesting either an adjournment of the April 20, 2006 Evidentiary Hearing or that the hearing on Plaintiff's motion for default judgment be done on submission.  The Court will thus rule on Plaintiff's motion based on the submission pursuant to Rule 78 of the Federal Rules of Civil Procedure.  No further papers have been submitted to the Court.

A party is not entitled to default judgment as of right; rather the entry of default judgment is entrusted to the " sound judicial discretion of the court.  See Event Entertainment, Inc., v. Maria Evelia DeDios, 1999 U.S. Dist. LEXIS 9765, *5 (D.N.J. June 4, 1999) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir 1984); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951).  Accordingly, Fed. R. Civ. P. 55(b)(2) provides that when a party moves for judgment against an adverse party in default, the Court, in its *discretion* may enter judgment against the defaulting party.  See Fed. R. Civ. P. 55(b)(2).

Following entry of a default judgment, a defendant admits every "well-pleaded allegation" of the complaint as true, except those relating to damages.  See Joe Hand Promotions, Inc., v Juan B. Hernandez et al., 2004 U.S. Dist. LEXIS 12159 (S.D.N.Y. June 30, 2004) (citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993)); Flaks v. Koegel, 504 F.2d 702, 704 (2d Cir. 1974).  Ergo, while the amount of damages is not certain, a defendant's liability is usually established.  Where the Court has determined to enter a default judgment against defendants, it

"does not follow that judgment should be entered for the specific amount of damages which plaintiff requests in its complaint and again in its motion." See Event Entertainment, 1999 U.S. Dist. LEXIS 9765, *6 (quoting Systems Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985)). Where claims for damages are "not for a sum certain or for a sum which can by computation be made certain," then "the court *may* conduct such hearings or order such references as it deems necessary and propre in order to determine the among of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." See Fed. R. Civ. P. 55(b)(1) - (2) (emphasis added). Here, Plaintiffs seek statutory damages and attorney fees and costs.

As previously explained to Plaintiff, although it has asserted in its motion for default judgment that it is seeking judgment under 47 U.S.C. § 605(a), Plaintiff is also seeking damages under 47 U.S.C. § 553. Because these are inconsistent theories,[1] the Court ordered a hearing. Since

---

[1] The Complaint and Plaintiff's motion for default judgment clearly have two inconsistent allegations:
- a violation of 47 U.S.C. § 605(a); and
- a violation of 47 U.S.C. § 553.

Section 553 of the Act prohibits unauthorized interception of cable signals. 47 U.S.C. § 553. A violator of § 553 entitles the aggrieved party to statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers just," 47 U.S.C. § 553(c)(3)(A)(ii), and in cases involving a violation that "was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, . . . by an amount of not more than $50,000," 47 U.S.C. § 553(c)(3)(B).

Violations of section 605(a) include receiving and/or assisting others in receiving satellite transmissions of television programming without authorization. 47 U.S.C. § 605(a). A violator of § 605(a) entitles the aggrieved party to statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just," 47 U.S.C. § 605(e)(3)(C)(i)(II), and where "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, . . . by an amount of not more than $100,000. . .," 47 U.S.C. § 605(e)(3)(C)(ii).

As shown, sections 553 and 605 involve different methods of interception and permit awards of substantially different amounts of statutory damages. Plaintiff cannot have it both

Plaintiff has nevertheless asked this Court to rule on the submission, the Court will review the evidence presented.

Plaintiff asserts that Defendants unlawfully obtained access to Plaintiff's broadcast, "which originated via satellite uplink and then [was] re-transmitted via satellite or microwave signal to various cable and satellite systems," through one or more of the following:

- use of an illegal satellite receiver;
- intercepting plaintiff's signal; and/or
- use of an illegal cable converter box or device.

(Compl. ¶ 16). The Piracy Affidavit submitted by Jose Torres, an independent auditor hired by Plaintiff, does not indicate which of these methods was used to pirate the November 27, 2004 Barrera/Morales boxing event, nor does any other affidavit submitted on behalf of Plaintiff. Even after this Court expressed its concern about the inconsistent legal theories, Plaintiff did not attempt to supplement its motion with an affidavit that would assuage the Court's concerns.

In light of the binding 2001 decision by the Third Circuit in TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 206 (3d Cir. 2001),[2] which this Court previously commented on in the March 13 Letter-Order, and Plaintiff's failure to present facts describing the manner in which the

ways.

---

[2] The Third Circuit made clear in TKR Cable Co. v. Cable City Corp. that "§ 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior to or not in connection with, distribution of the service over a cable system,' and no more. H.R. Rep. No. 98-934, at 83, reprinted in 1984 U.S.C.C.A.N. at 4720. Once a satellite transmission reaches a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605." 267 F.3d at 207. This Court is bound by Third Circuit precedent, and while it acknowledges that the Second Circuit follows a different standard, International Cablevision v. Sykes, 75 F.3d 123, 133 (2d Cir. 1996), counsel is reminded that when filing cases in this Court the Third Circuit controls.

Barrera/Morales boxing event was allegedly pirated, this Court cannot conclude that Defendants' actions were a violation of either section 553 or section 605. See Garden City Boxing Club v. Stone, 285 F. Supp. 2d 447, 451 (D. Del. 2003) (holding that the "court cannot adequately evaluate whether defendants' actions were a violation of either §§ 553or 605 without facts describing the manner in which the Tyson fight was allegedly pirated."). Moreover, this Court will not impose the higher statutory damages associated with section 605 merely because Plaintiff has chosen to seek default judgment on liability under that section, which provides for the greater amount of statutory damages.[3]  See, e.g., Comcast Cable Cmmc'ns v. Adubato, 367 F. Supp. 2d 684 (D.N.J. 2005). Accordingly, Plaintiff's motion for default judgment is denied.

Having taken all of the Plaintiff's allegation as true, and all favorable inferences having been drawn, where the inadequacy of the claim is clear, this Court may sua sponte dismiss the claim. See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); Bowers v. National Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 497-98 (D.N.J. 1998); Michaels v. State of New Jersey, 955 F. Supp. 315, 331 (D.N.J. 1996). Furthermore, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  Here, Plaintiff has not sought to amend the Complaint to identify the manner of the event's interception, nor has Plaintiff sought to supplement the record with such evidence. Therefore, this Court will sua sponte enter an Order dismissing the case without prejudice because Plaintiff has not stated a claim upon which relief can be granted. In the event Plaintiff is able to remedy these defects, Plaintiff may move within the next thirty (30) days to reopen this

---

[3]Notably, Plaintiff has sought damages under section 553 for Defendants' liability under section 605. This is makes no sense and is not in accord with the statutes.

action.

       For the reasons set forth above, it is on this 30th day of May, 2006,

       **ORDERED** that Plaintiff's motion for default judgment [#6] is DENIED; and it is further

       **ORDERED** that Plaintiff's Complaint is hereby DISMISSED without prejudice; and it is further

       **ORDERED** that the Clerk CLOSE the Court's file on this matter.

       SO ORDERED.

       /s/ Jose L. Linares
       JOSE L. LINARES,
       UNITED STATES DISTRICT JUDGE

cc:    J & M Bar & Liquors
       15 Park Ave
       Paterson, NJ 07501-1908

       Pedro Fernandez
       40 Lee Street
       Elmwood Park, NJ 07407-2107